UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>DAVON WHEELER,   )<br>also known as Said Amir Abdul Wahid,   )<br>)<br>Defendant.   )<br>) | Criminal No. 19-cr-00085 (ESH) |

# MEMORANDUM OPINION & ORDER

Before the Court is defendant Davon Wheeler's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i).  (*See* Def.'s Mot., ECF No. 58.)  Wheeler states that "[a]s an African American male with chronic asthma, several additional medical conditions, a history of trauma, and documented mental illness, incarcerated in a setting where inmates and staff cannot prevent the spread of COVID-19, [he] is particularly susceptible to contracting and having serious complications from the coronavirus (COVID-19)."  (*See* Def.'s Reply at 1, ECF No. 67.)  The government opposes Wheeler's motion, arguing that he has not met the requirements of Section 3582(c)(1)(A).  (*See* Gov't's Opp., ECF No. 61.)  For the reasons stated below, the Court denies Wheeler's motion for release.

## BACKGROUND

Wheeler was arrested on February 28, 2019, for possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g).  On March 28, 2019, he was released from detention and placed into the High Intensity Supervision Program ("HISP") following a hearing with Magistrate Judge Merriweather.  On October 2, 2019, Wheeler pled guilty, and on December 18, 2019, he was sentenced to 34 months of imprisonment followed by

36 months of supervised release. Wheeler is currently incarcerated at Rivers Correctional Institution ("CI Rivers") in Winton, North Carolina. "His projected release date, accounting for good time credits, is January 26, 2022." (Gov't's Opp. at 6.)

Wheeler filed a motion for compassionate release *pro se* on April 24, 2020. Counsel from the Office of the Federal Public Defender entered her appearance on behalf of Wheeler several weeks later and filed a reply in support of his motion for release on May 18, 2020. On May 24, 2020, Wheeler submitted a letter attesting to his commitment to recovering from drug addiction. (*See* Supplement, ECF No. 71.) Wheeler "submitted a compassionate release request to the Warden of CI Rivers on the morning of May 5, 2020, by handing it to the mail staff who came by his cell to pick up and deliver the mail." (*See* Reply at 6.) On May 12, 2020, the Warden of CI Rivers denied his request based on, *inter alia*, the fact that he has served only 25% of his sentence, that his medical conditions do not fall within the CDC's high-risk guidelines, and his criminal history. (*See* Notice, ECF No. 70.)

## ANALYSIS

**I.      LEGAL STANDARD**

18 U.S.C. § 3582(c) provides, in relevant part, that—

> The court may not modify a term of imprisonment once it has been imposed except that . . .
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

This section represents an expansion of the original regime of compassionate release, which only allowed courts to hear motions brought by the Director of the Bureau of Prisons ("BOP"). As amended by the First Step Act of 2018, the section now permits a *defendant* to move for compassionate release on his own behalf. *See* Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018) ("Increasing the Use and Transparency of Compassionate Release"). However, before coming to court the statute requires that a defendant either exhaust his administrative remedies within the BOP or wait thirty days after submitting a request to the BOP that it file a motion on his behalf. For a Court to grant a motion for compassionate release (made by either the BOP or a defendant), it must find "extraordinary and compelling reasons" to reduce a defendant's sentence.[1] Furthermore, even if a Court concludes that a defendant has presented such reasons, it must also "consider[] the factors set forth in section 3553(a)." *See* 18 U.S.C. § 3582(c)(1)(A).

As noted above, the Warden of CI Rivers has informed Wheeler that he has denied Wheeler's request for a motion for compassionate release to be filed on his behalf. (*See* Notice, ECF No. 70.) Regardless of whether this rejection has fulfilled Section 3582(c)'s exhaustion requirement, the Court concludes that requiring Wheeler to exhaust would cause an unnecessary delay contrary to the purposes of the First Step Act, especially given that the Court agrees with prison officials that Wheeler does not meet the standards for compassionate release. *See United States v. Haney*, 2020 WL 1821988, at *4 (S.D.N.Y. Apr. 13, 2020) (waiving exhaustion requirement to deny motion, as "courts determined to enforce the waiting period are essentially forced to consider each such motion twice, first to conclude that the exhaustion provision is not

---

[1] Section 3582(c)(1)(A) also provides that if a defendant is at least 70 years old and has served a certain number of years in prison, his sentence may be reduced. *See* 18 U.S.C. 3582(c)(1)(A)(ii). However, as Wheeler is only 37, that subsection is not relevant, and the Court need only consider whether there exist "extraordinary and compelling reasons."

satisfied, and then again, days or at most a few weeks later, to reach the merits once the requisite time has elapsed"). The Court will thus turn to the merits of Wheeler's motion.

## II.     MOTION FOR RELEASE

Wheeler argues that there are two "extraordinary and compelling reasons" that warrant a reduction in his sentence: (1) the BOP's inability to contain COVID-19 within its facilities; and (2) his "personal history, characteristics, and medical conditions make him particularly vulnerable to COVID-19." (*See* Reply at 44.) The Court concludes that neither of the reasons are sufficiently "extraordinary and compelling" as required by Section 3582(c)(1)(A)(i).

The commentary to Section 1B1.13 of the United States Sentencing Guidelines defines "extraordinary and compelling reasons" as including: (1) certain medical conditions; (2) the age of the defendant; (3) family circumstances of the defendant; and (4) reasons "other than, or in combination with, the reasons described" in the three previous subsections. Medical conditions warranting a reduction in sentence include both terminal illnesses and also other chronic conditions that "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* at Application Note 1(A)(i)-(ii). The "extraordinary and compelling reason," whatever it may be, "need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." *See id.* at Application Note 2. Regardless of whether the Court considers Section 1B1.13 and its commentary binding or merely helpful in light of the passage of the First Step Act,[2] "[t]he court is in a unique position to determine whether the circumstances warrant a reduction" of a defendant's sentence. *See id.* at Application Note 4.

---

[2] Section 1B1.13 only references "motion[s] of the Director of the Bureau of Prisons" when describing what constitutes an "extraordinary and compelling reason," as it has not been amended since the First Step Act of 2018 provided an avenue for defendants to make their own motions. In that way it is "anachronistic," *United States v. Asaro*, 2020 WL 1899221, at *4

Wheeler first argues that the COVID-19 pandemic is *itself* an "extraordinary and compelling reason" warranting a reduction in his sentence. (*See* Reply at 20.) "It is undisputed that COVID-19 is already at CI Rivers" (*see id.* at 32)—the government concedes that, as of April 30, 2020, "21 staff and 15 inmates have tested positive for COVID-19 and there have been no COVID-19 deaths." (*See* Gov't's Opp. at 12.) Moreover, the Court "[r]ecogniz[es] the unique risks that correctional facilities pose," and that "[c]ases continue to grow because of the disease's very nature." (*See* Reply at 33, 40.) But the Court must concern itself primarily with the particular characteristics of an individual defendant when determining what constitutes an "extraordinary and compelling reason," *not* a generalized risk to the prison population as a whole. Indeed, none of the cases that Wheeler has cited granted a compassionate release on the grounds of the pandemic alone, but rather the pandemic in combination with Wheeler's personal characteristics must constitute an "extraordinary and compelling reason."

Wheeler next argues that his "personal history, characteristics, and medical conditions put him in grave danger should he contract COVID-19 in BOP custody." (*See* Reply at 44.) The Court concludes that the purported risk factors raised by Wheeler do not constitute an "extraordinary and compelling reason." While Wheeler has asthma, he has been categorized by medical personnel as having "Step #1 Mild Intermittent," the lowest category of asthma. (*See* Gov't's Opp. at 34.) To put this in context, the CDC only recognizes "moderate-to-severe"

---

(E.D.N.Y. Apr. 17, 2020) (internal quotation marks omitted), as it has not been changed since Congress "further increase[d] the use of compassionate release and . . . explicitly allow[ed] courts to grant such motions even when [the BOP] finds they are not appropriate." *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). "Because the Commission's statutory authority is limited to explaining the appropriate use of sentence-modification provisions under the *current* statute," *United States v. Cantu*, 423 F. Supp. 3d 345, 350 (S.D. Tex. 2019) (emphasis in original), several courts have concluded that while the current policy statement may be helpful, "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction" under the regime created by the First Step Act. *Beck*, 425 F. Supp. 3d at 579.

asthma as placing individuals at a higher risk for severe illness due to COVID-19, and a number of district courts faced with similar arguments have denied release when a defendant's asthma was mild.³ *See* Centers for Disease Control and Prevention, *Groups at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last accessed May 29, 2020); *see also United States v. Brooks*, No. 19-cr-67 (RCL) (D.D.C. Apr. 4, 2020) (denying post-plea motion for release because defendant had not shown his asthma was moderate-to-severe); *United States v. Dempsey*, No. 19-cr-368 (TNM) at ECF No. 37 (D.D.C. Apr. 10, 2020) (denying post-plea motion for release despite the defendant's asthma and hypertension, noting that the defendant was relatively young at 38 and his conditions were controlled at the jail). Moreover, Wheeler reported himself as "in good health" prior to his sentencing (*see* Gov't's Opp. at 5 (citing PSR)), and he has presented no evidence suggesting that this has changed. Further, an assessment by medical personnel at CI Rivers in February 2020 stated that Wheeler's asthma was well-controlled. (*See id.* at 6-7.) He has been provided an albuterol inhaler at CI Rivers, and there is no indication that he has been unable to control his asthma with the inhaler. (*See id.*); *see also United States v. Marchi*, No. 19-cr-406 (DLF) (D.D.C. Apr. 2, 2020) (denying defendant's motion for pre-trial release based on his mild asthma as medical personnel had advised him to continue using his albuterol inhaler).

Beyond his asthma, Wheeler argues that he "is not otherwise in good physical health" and lists a variety of other physical issues suggested by his BOP medical records. (*See* Reply at 49 (listing, *inter alia*, "chronic lumbar pain . . . and gastroesophageal reflux disease").) He also points to the fact that "[i]ndividuals like Mr. Wheeler, with a history of trauma and documented

---

³ The Court disagrees that "Mr. Wheeler could . . . be *both* 'Step #1' and have what the CDC considers a 'moderate-to-severe'' case'" (*see* Reply at 48 (emphasis in original))—not only is "Step #1" asthma *defined* as "mild" rather than "moderate," but also Wheeler has provided no evidence that his asthma is at the moderate-to-severe level, contrary to the BOP's classification.

mental illness," may be more likely to suffer severe complications if infected with COVID-19. (*See id.* at 51.)  The Court is mindful of all of these factors.  However, the Court cannot conclude that these factors "*substantially* diminish[] [Wheeler's] ability . . . to provide self-care within the environment of" CI Rivers.  *See* U.S.S.G. § 1B1.13 at Application Note 1(A)(ii) (emphasis added).  As a result, the Court finds no "extraordinary or compelling" reasons warranting reduction of Wheeler's sentence at this time.

Moreover, even assuming that Wheeler *had* presented an "extraordinary and compelling reason," an analysis of the factors under 18 U.S.C. § 3553(a) prevents him from being released. First, Wheeler has served approximately only 25% of his sentence.  (*See* Notice, ECF No. 70.) He was sentenced only five months ago, which suggests "the § 3553(a) factors have [not] changed, much less materially changed."  (*See* Gov't's Opp. at 35.)  Second, the Court has concerns about Wheeler's history of engaging in further illegal activity while on release, as he has done previously.  (*See, e.g., id.* at 36-37.)  For example, on release in the High-Intensity Supervision Program prior to his plea in the instant case, Wheeler was arrested for distribution of a controlled substance from his residence.  (*See id.*); *see also United States v. Lee*, 2020 WL 1541049, at *5 (D.D.C. Mar. 30, 2020) (observing, in pre-trial detention case, that if the defendant were released there would be a "risk that he will continue to engage in the same types of unlawful and potentially dangerous conduct that led to both his initial conviction and the [instant] charge" as well as expose the probation officers who had to monitor him to heightened infection risk, which counseled against release).  These factors suggest that a reduction in Wheeler's sentence would not align with the factors in Section 3553(a), in particular the need to "afford adequate deterrence," "protect the public from further crimes of the defendant," or reflect "the history and characteristics of the defendant."

## CONCLUSION

For the foregoing reasons, the Court concludes that Wheeler has not demonstrated the existence of an "extraordinary and compelling reason" for a reduction in his sentence. *See* 18 U.S.C. § 3852(c)(1)(A)(i). Moreover, the Court concludes that the factors under 18 U.S.C. § 3553(a) counsel against a reduction in his sentence at this time. The Court will therefore **DENY** Wheeler's Motion for Compassionate Release (ECF No. 58.).



ELLEN S. HUVELLE
United States District Judge

Date: May 29, 2020